# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANNELISE BRIGHT, )
 )
        Plaintiff, )
 )
vs. ) Case No. CIV-17-1217-M
 )
STATE OF OKLAHOMA *ex rel.* BOARD )
OF REGENTS OF THE UNIVERSITY )
OF OKLAHOMA, )
 )
        Defendant. )

## ORDER

Before the Court is defendant's Motion to Dismiss, filed December 19, 2017. On January 2, 2018, plaintiff filed her response, and on January 9, 2018, defendant filed its reply. On January 19, 2018, plaintiff filed her objections to defendant's reply.

On November 13, 2017, plaintiff filed the instant action, alleging the following causes of action against defendant: (1) defamation, (2) intentional infliction of emotional distress, harassment, and retaliation, and (3) wrongful termination.[1] In her Complaint, plaintiff alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1331.[2] Section 1331 provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Upon review of plaintiff's Complaint, the Court finds that it does not have subject matter jurisdiction over this case because plaintiff has not alleged any causes of action arising under the Constitution, laws, or treaties of the United States. Plaintiff's defamation, intentional infliction of

---

[1] Plaintiff's harassment, retaliation, and wrongful termination claims are based upon an alleged on-the-job injury and the worker's compensation claim plaintiff filed.
[2] This Court does not have jurisdiction pursuant to 28 U.S.C. § 1332, as there is no diversity of citizenship. Plaintiff and defendant are not citizens of different states.

emotional distress, harassment, retaliation, and wrongful termination claims are all state law claims. Further, in her response, plaintiff asserts this Court has jurisdiction based upon alleged OSHA recordkeeping violations. These assertions fail, however, because plaintiff does not allege any cause of action in her Complaint for OSHA violations and because OSHA does not create a private cause of action on behalf of injured workers. *See Hoeft v. Dommisse*, 352 F. App'x 77, 80 (7th Cir. 2009); *Glanton v. Harrah's Entm't, Inc.*, 297 F. App'x 685, 687 (9th Cir. 2008); *Kohrt v. MidAmerican Energy Co.*, 364 F.3d 894, 901-02 (8th Cir. 2004); *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir. 1980).

Accordingly, the Court GRANTS defendant's Motion to Dismiss [docket no. 11] and DISMISSES this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 26th day of January, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE